No. 89-215

IN THE SUPREME COURT OF THE STATE OF MONTANA

1989

CITY OF MISSOULA,

        Plaintiff and Respondent,

   -vs-

RICHARD DALE PRINKKI,

        Defendant and Appellant.

APPEAL FROM: District Court of the Fourth Judicial District,
In and for the County of Missoula,
The Honorable Jack L. Green, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Richard Dale Prinkki, pro se, Missoula, Montana

    For Respondent:

        Hon. Marc Racicot, Attorney General, Helena, Montana
        Clay R. Smith, Solicitor, Helena, Montana
        Donald Louden, City Attorney's Office, Missoula, Montana

Submitted: Sept. 7, 1989

Decided: September 27, 1989

Filed:

_____
Clerk

Justice R. C. McDonough delivered the Opinion of the Court.

This is an appeal from a judgment of the District Court of the Fourth Judicial District, Missoula County, finding defendant Richard D. Prinkki (Prinkki) guilty of two counts of driving while his license was suspended, driving under the influence, failure to drive on the right side of the road, and driving with no insurance. We affirm.

Prinkki raises two issues on appeal:

1. Did the trial court err in ruling that Prinkki was not entitled to a jury of twelve persons in a trial de novo in District Court on appeal from a conviction in Municipal Court?

2. Did the District Court improperly deny Prinkki's motion to sever the charges?

On January 20, 1988, Prinkki was arrested and charged with driving under the influence in violation of § 61-8-401, MCA; failure to drive on the right side of the road in violation of § 61-8-321, MCA; and driving with no insurance in violation of § 61-6-301, MCA. Subsequently, on May 16, 1988, Prinkki was convicted by a jury in Municipal Court for each of these offenses.

After his arrest on January 20, Prinkki was issued two separate citations for driving while his license was revoked in violation of § 61-5-212, MCA. These violations occurred on February 1 and February 2, 1988. Upon a different trial, held on May 17, 1988, Prinkki was convicted of both of these offenses.

Following the convictions, Prinkki filed a combined notice of appeal to the District Court appealing all of the convictions. At an omnibus hearing, Prinkki made a motion to sever the charges, which was denied. The new trial was set for a twelve person jury. The trial court later determined

that, because the case was an appeal from Municipal Court, the defendant was only entitled to a six person jury. Trial by a six person jury was held and Prinkki was convicted of all charges on October 24, 1988. This appeal followed.

I

Prinkki argues that the trial court erred in ruling that he was not entitled to a twelve person jury. We disagree.

Procedure in municipal court is set forth at Title 46, Chapter 17, Part 4, MCA. Section 46-17-403, MCA, provides that: "In criminal cases . . . either party shall be entitled to a jury trial as provided in justices' courts. . . "

In justice court, a defendant is entitled to a jury of no more than six persons. Section 46-17-201(1), MCA. Upon appeal to District Court, the defendant is entitled to ". . . be tried anew . . . and may be . . . tried before a jury of six." Section 46-17-311(1), MCA. Because criminal defendants in muncipal courts are afforded the same rights as those in justice courts, they, likewise, are only entitled to a six person jury. See § 46-17-403, MCA.

II

Prinkki next argues that the District Court improperly denied his motion to sever the charges. We disagree.

In support of his argument, Prinkki relies upon State v. Orsborn (1976), 170 Mont. 480, 555 P.2d 509. In Orsborn we examined federal case law on the potentialities of prejudice resulting from the joinder of two crimes of the same class. This examination led us to the conclusion that three types of prejudice may result upon joinder of similar offenses. First, the jury may consider a defendant who is subject to multiple charges to be a "bad man." Second, proof of guilt of one offense may be used to convict the defendant of another offense even though such proof may be inadmissible at

3

trial. And finally, prejudice may result where the defendant wishes to testify on his own behalf on one charge but not on the other. Orsborn, 555 P.2d at 514-515.

A district court must consider these three elements when faced with a motion to sever offenses. However, we fail to find any actual prejudice which resulted from a denial of his motion. This Court has accorded the trial courts a wide breadth of discretion in their determinations regarding separate trials. Joint trials are often necessary to preserve judicial economy. The defendant, therefore, must show actual and substantial prejudice. State v. Campbell (1980), 189 Mont. 107, 615 P.2d 190.

Prinkki argues, in substance, that the facts surrounding the violations of driving while his license was revoked would tend to lead the jury to believe that he was a "bad man" who ignored the laws. The violation of February 2, occurred when a police officer discovered his car outside of a Missoula bar. Prinkki was arrested as he left the bar. These facts, Prinkki maintains, may have prejudiced the jury by leading it to believe that he was an alcoholic who continued to drive despite the fact that his license had been revoked.

In State v. Slice (1988), 753 P.2d 1309, 45 St.Rep. 752, we upheld a district court's denial of a motion to sever charges. In Slice, the defendant was tried on sixteen criminal counts. In upholding the conviction, we noted that reversal of a decision not to sever criminal charges is seldom granted. Slice, 753 P.2d at 1311. Generally, in order to be entitled to a reversal, a defendant must show the prejudice was so great as to prevent a fair trial.

The evidence asserted by Prinkki, which he argues led the jury to view him as a "bad man," fails to meet the high standard of proof necessary to overturn his conviction. The offenses of February 1st and 2nd are regulatory in nature.

4

We therefore do not agree that they substantially prejudiced Mr. Prinkki by casting him in a bad light. Given the deference afforded to the discretion of the trial court's judgment in these matters, we decline to reverse its decision. Prinkki's conviction is affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____

_____
Justices

5